24-1522 Sonia Brown v. City of Albion, MI, et al., Argument not to exceed 15 minutes per side. Mr. Shepard, you may proceed. Yes, good afternoon. May it please the Court, Eric Shepard here on behalf of the appellant, Sonia Brown. I am asking for three minutes for rebuttal on oral argument. Your Honors, this case involves a private citizen, Sonia Brown, being subjected to a retaliatory arrest for her protected speech, which was non-criminal, which consisted of private Facebook messages typed from her personal cell phone during her personal time to two of Sonia Brown's personal friends, where Sonia Brown discussed possible wrongdoing by public officials protected under Leary v. Deschenar and the Sixth Circuit, and expressed her personal political opinion about government officials and former government officials in the city where Sonia Brown lived and where she was a citizen. This is protected political speech pursuant to Baumgartner v. U.S. all the way since 1944. Sonia Brown was subjected to an arrest warrant and was criminally prosecuted not because of any criminal intent, not because of any actions or conduct that Sonia Brown engaged in outside typing the messages into her personal cell phone, and not because she violated any criminal law, but instead because of personal and professional retaliatory animus against her for her criticism of city of Albion government officials. She was an outspoken member of the community before she even became a city council member. When she was on city council, she was an outspoken member of city council, and after she left city council, she remained and continued to be an outspoken member of the community, and she continued to criticize certain actions from public officials for city of Albion government. She also championed equitable economic development within the city, openly criticizing- Are you contesting that she violated the rule about ordering the firing of a city employee? We are contesting that she violated that statute, yes, your honor. We are contesting the fact that there was no probable cause to believe that she violated this charter section because, first and foremost, your honor, reasonable minds certainly differ whether or not this charter section even regulates speech versus whether it regulates conduct. That's sort of a different- I just meant the conduct itself. It seemed to me pretty clear the conduct itself violates the terms of the charter. Is it the charter? Is it the charter? The charter section 5.8, your honor, yes. I'm not saying you don't have other arguments, it's just that that one seemed weak to me, that she sent a message that said, do the thing that the charter said you can't do. I disagree, your honor, because I think that this charter is unclear, I think it's unconstitutionally vague. You're making a slight- I mean, you're making- I view you as making a slightly different point. You're saying that the provision itself is void or overbreadth or vagueness or something, but it- That goes to the issue of probable cause, it goes to the issue of the constitutionality of the charter section, so it goes to all the issues. We have six issues in this case and all of them are intricately wound with one another because the issue of whether or not the statute is clear and whether or not a reasonable citizen would know what they were doing or what they were not doing would violate the charter section. We disagree that there is probable cause. Certain cases like the Nieves case, certain cases like the Gonzalez versus Trevino case, which we've briefed in this matter, in those cases the appellants conceded probable cause. We do not concede probable cause. Same with the Lozman case and that exception. Those appellants conceded probable cause. You concede, I take it, just to back up, that LaTanya Rufus was the city manager and she was one of the recipients of the messages that were sent via Facebook and you've laid out in the record what the messages actually say. You concede that, I forgot who it was, the name, had the authority, Rufus had the authority to terminate employees. That's never been made officially clear to me, actually, your honor. City attorney Harkness was deposed in this case and I asked him what kind of conduct would it take to actually terminate someone from city employment. What would you have to do? Would you have to fill out paperwork? Would you have to make an agenda item on city council? Would you have to put forth some sort of a resolution before city council? What steps and measures would you have to do in order to actually terminate someone from the city? So for LaTanya Rufus to terminate Chief Scott Kipp from his position, what conduct and what action would need to be done in order to do that? I don't recall getting a clear answer on that question and that goes to the ultimate issue because what my client did was she typed in a message into her phone and whether a reasonable jurist could conclude that when you say, get rid of him, he's untrustworthy, that that statement alone itself is an actual directive as opposed to what we assert, which was that was just her political opinion. That was what she thought at the time. She was talking to friends. She was talking on her personal time. She was not in... They just need probable cause. They don't have to prove it beyond a reasonable doubt. They just need probable cause.  Right. I don't think that's your best argument, but I know you have six of them. I'll move on to if the court finds that there was in fact probable cause to believe that my client did in fact violate this charter section, then we have multiple different exceptions to probable cause. The first one is under Lozman, which we acknowledge was in fact somewhat of a limited exception, just like the Neves exception is articulated as a limited exception. But the facts of this case and the facts of Gonzalez versus Trevino really coincide with the facts of our case, because you have a city official or in Lozman it was a private citizen, but you have somebody criticizing government employees and criticizing government action. In the Lozman case... Let me ask you before you do the comparison of the cases, because I think we all agree they're applicable, but we're here on a motion to dismiss. The only thing we're looking at, it's the allegations of the complaint. I think that's the question, whether the allegations in the complaint fit within either... Let's assume we say that you need to fit within an exception. I think probably where we need to look is the complaint. I would ask, as you're comparing the facts, agreed, that's what you need to do, but for example for an official policy of retaliation under Lozman, where in the complaint have you made the necessary allegations? The necessary allegations are in the official policy, which was the vote from the city council to prosecute, to criminally prosecute my client. That that was the official policy to retaliate. It was a premeditated plan by these council members, and just like in Lozman to intimidate Lozman in retaliation for his criticisms of city officials in his Open Meetings Act lawsuit, in this case, the vote from city council to criminally prosecute my client, that was done through an agenda item. It was officially voted on, it was part of the public record, it's on YouTube, you can watch the video of the proceeding. I cited to it in my brief as far as the time sections on the YouTube video. And so when they voted, they did a resolution, and that resolution formulated the official policy from the city of Albion to criminally prosecute my client. And that is within the allegations of the complaint? Yes, that is in the complaint. Do you have the allegations to point to, or are you summarizing your understanding of the factual record? Well we, I cited to it in my Statement of Facts, in my appellant brief, in terms of when they did that, I'm trying to find the page section, it looks like I'm on page 32 of my brief, but the council members all voted to do that, and I cite to the section of the complaint that contains that information where they actually voted for that. But the district court did not find and did not hold that that wasn't in the complaint. The district court analyzed the issues under Loisman and analyzed the issues under the Gonzalez v. Trevino case. The district court just found that the objective comparables were not sufficient because the district court sided with the ruling from the Fifth Circuit, which had ruled that there needed to be some extremely specific objective comparables, and the U.S. Supreme Court overturned the Fifth Circuit, and that was after this case was already decided at the district court level. But the objective comparables are that no one has ever been prosecuted for this alleged charter violation before or since, that my client put a memorandum, which is part of the public record, that... Is there an allegation of comparable violations not being charged? Yes, that Mayor Atchison and Councilman Williamson both violated the charter that was contained within the public record, that it was discussed at the public meeting as part of the YouTube, as part of the memorandum that my client submitted as part of that agenda item. Did you plead that in the complaint? That issue was not fully addressed in the actual complaint, but again, the district court did not found that there was the inferences that could be made, reasonable inferences could be made, plausible allegations could be made, and we did ask that we could amend the complaint, that it would not be a futile amendment if we did so to include that specific objective. So that memo was attached to a motion for reconsideration? Correct. And is there any... What's your argument that we can consider it in light of the fact that it was not part of the initial motion? The facts... Well, first of all, again, the district court did not rule on that issue, and I understand that you have an independent evaluation. My time is up here, but I'll try to answer the question. You have an independent duty to find that there was fact sufficient, but we asked within the motion for reconsideration to amend the complaint if we needed to, and that would not be a futile amendment, and so if this court is going to remand back to the district court with instructions for plaintiff to file an amended complaint, that we would certainly do that to include that sufficient comparable evidence. The complaint did focus on the issue of probable cause, I will acknowledge that. My time is up. You'll have your rebuttal. I'm sorry? You'll have your rebuttal. Thank you. Good afternoon, may it please the court, Geoffrey Garish on behalf of defendants. Section 5.8 prohibits council members from individually directing the removal of any administrative officer or employee of the city. It is pled right in the complaint and is undisputed that plaintiff told the city manager get rid of him, meaning Kip, and Judge Cole, I thought your question was an astute one. Did the city manager have the authority to terminate Kip? Absolutely she did, and I think he conceded it, and that's the point. In terms of the over-breadth argument, to the extent the court is interested in that at all, the over-breadth argument fails to consider the importance of the recipient of the communication. I mean, it would be one thing if she said it to her child or her spouse or something, but she said to the city manager, get rid of Kip. She literally violated the statute. And their argument in response is, well, the circumstances matter. If you look at the totality of the circumstances, and there's all this tension, factions between council members and administrators, I think that just takes her from the frying pan into the fire. She literally wanted her to terminate Kip. She made it very clear. And when you look at the circumstances, it only makes it worse, because there was all these factions and infighting. So for her to suggest, oh, this was just locker room talk, or I forget what the term was, that's undermined by the circumstances, which are that she really did want him to be terminated. What about the argument, I guess it's under Neve's exception, that the statute has never been used to criminally prosecute anyone? I think the ordinance was enacted in 1998, and she's the only, Brown's the only person who's ever been prosecuted. There's a couple of very serious problems with that, and the main one, and I think the court touched on this, that is not alleged anywhere in the complaint. And I think council said it wasn't the primary focus of the complaint, which is quite an especially when you consider that the complaint is 90 pages and 592 paragraphs. Nowhere in 592 paragraphs did they allege that. But not only that, they didn't say anything about that in response to the motion to dismiss. And they filed a 50-page response. So I don't know how you can say that Judge Jarboe erred by not agreeing with an argument that wasn't even presented in response to the motion to dismiss, and also wasn't alleged anywhere in the complaint. They didn't introduce this argument about the Neve's-Gonzalez exception until the motion for reconsideration, which by that point, it was too late. And I think I give Judge Jarboe credit. She entertained the argument, and she addressed it anyway, but I think she could have dismissed it out of hand, and I don't think there's any basis to reverse when they didn't even raise it. I thought that the allegation had been made, but the complaint just did not mention Neve's. I don't think the allegation was mentioned anywhere in the complaint. The complaint did actually cite Neve's at one point, because he cited a lot of case law, but he didn't cite it for this. He just cited it for the normal probable cause rule. He did not address it at all. But even if you were to address the merits, the problem is, while there's another preservation problem, the memo that was brought with the motion for reconsideration is something that Ms. Brown just prepared, suggesting that this has never been used, that no one's ever been prosecuted. She didn't cite any evidence of that. She didn't attach that affidavit to the complaint or to the motion to dismiss. We don't even know when it was created. And she pointed to two other city officials that had done things that are completely different. Neve's and even Gonzales require some kind of comparator, someone who's somewhat similarly situated. But she didn't even identify that in the untimely memo that she prepared. She pointed to, I think, Mayor Atchison had allegedly not notified people of campaign contributions from people who were appointed to positions, number one. And number two, I think some council person allegedly disclosed something in closed session to his mother-in-law. Well, that's completely different from this in terms of the character. What about the allegation, page 77 of her complaint, that the section has never been used to criminally prosecute anyone in the entire history of the ordinance, which was enacted in 1998? Why isn't that enough to qualify for the Neve's exception under Gonzales? Because she has to provide some type of comparator. The fact that it's never been used, even if it's alleged, doesn't mean that it can't be used when there's a violation of this sort, which has never happened, that we know of. And here's the other, I think, very... Say that again. Well, we don't know that it's... The allegation is there is no comparator, and there's no comparator because they were singling her out in a retaliatory manner. She has to identify someone that is similarly situated that was not prosecuted. That's the point. Someone who violated this in the past, either this particular charter section or something very comparable. Gonzales expanded it a little bit, said it doesn't have to be the exact same. She didn't identify anybody like that. And here's the other point. I don't want to forget this. I think it's very important. Remember, the council was given a memo from outside council that said this is a violation of section 5.8. There's no indication that outside council had ever notified the mayor or city council any charter section was violated, and they decided not to prosecute someone. That's, I think, very important because it's not as though this... And this goes to the Lozman problem, too, they have, which they have to identify objective evidence of some policy to retaliate against Brown, and they don't have anything like that. In fact, it's really the exact opposite scenario, where they've received an objective memo from outside legal council saying she violated this charter section. And they said, well, okay, then we'll prosecute. They made the decision to prosecute based... That's very unique. She certainly doesn't have any comparable to that. In other words, where someone violated either that or another charter section, where they got a memo from outside legal council saying this was violated. So I think, again, the biggest problem she has, frankly, your honors, is she'd never alleged... She didn't... She didn't put it in the motion response of the motion to dismiss. I think that's the biggest problem. Judge Jarbo, all she can do is entertain the arguments that are presented to her, and they made 50 pages worth of arguments, and they didn't mention that at all. The other thing I want to mention is, any suggestion that this is sort of an unserious offense, because they analogize it to the Neves and Gonzales talking about jaywalking, where someone gets arrested for jaywalking, where that typically doesn't happen. I think that's not accurate. When you look at this charter section, it makes perfect sense why this exists. You have infighting among council members and administrators. This is all acknowledged, and it's literally pled in the complaint. Under those circumstances, to me, it makes a lot of sense that you have a charter section that prohibits council members from directing that someone be hired or terminated. Because as soon as that happens, she directs the city manager to terminate this person. The city manager is now in a real bind. Now they've got a real problem. They've been directed by a council person to get rid of somebody. So either they abide by what the city council person directed them to do, or they don't. But they're putting them in a pretty awkward position. So there's a reason why this charter section makes sense and is on the books, I think. And the other thing to keep in mind, it's not exactly a very serious punishment. I mean, the punishment is confinement up to 90 days and, I think, a fine of up to $500. So even though it's a pretty important charter section, the fine isn't exactly terrible. So I think it made perfect sense that she was arrested and prosecuted for this, especially in light of the legal memo they got from outside counsel. And that might be all I have, unless if the court wants me to present an argument on the overbreadth or vagueness or anything else, I would be happy to or to answer any questions if you have. But again, their focus on probable cause is the main argument today, I agree with Judge Radler, to me, that's a dead nuts loser. She literally did exactly what the charter section prohibits, especially when you look at the surrounding circumstances. So I think that's all I have, unless the court has any questions. Thank you. Thank you. Thank you. As the court pointed out in the complaint on page 77, that that was the objective comparable. In one objective comparable that was placed into the complaint, that no one has ever been prosecuted for this alleged charter violation ever since 1998, nor ever after my client. There's other objective comparables in terms of the violation of charter section by other members that were not prosecuted. Another one is the timing of this particular prosecution, that the allegations of conduct here were from October and November of 2018, and the arrest warrant was not signed out until June 16th of 2020, almost two years later and after the fact. So the unusual and strange timing was something that was specifically addressed and talked about with respect to that type of objective evidence and objective comparables in the Gonzalez versus Trevino case. That that case was comparable in terms of the factual basis because it was a council member who was critical of other government officials. In that case, it was a city manager. And in that case, she was criminally prosecuted through an arrest warrant, just like my client was criminally prosecuted through an arrest warrant. Your Honor, under Trombley and Iqbal, a complaint is to be liberally construed. And the courts are also clear that we must not dismiss a civil rights complaint unless it appears to a certainty that plaintiff would not be entitled to relief under any legal theory which might plausibly be suggested by the facts alleged. Governments cannot use the criminal justice system to weaponize and punish their political opponents, which is exactly what... Is it fair that there was an independent investigation that found and determined initially that there was a violation of the charter? That's correct. That's what's called the Thrun report. But the Thrun report did not include any data in terms of issues that Judge Jarbo found, in her opinion, to be mitigating for my client, which were that this was, again, on her personal time, under her personal cell phone. It was through friends of hers. It was no conduct or action was taken beyond the typing of these words into the phone. And so this Thrun report was authored and then it was used as the basis for the probable cause determination at the district court level because Officer Weigrant just took the Thrun report and just basically stapled it to her two-page police report and then turned that in as a warrant request for my client. And that's how the criminal charges got initiated. So there was this Thrun report that occurred, but that Thrun report, I think, was... We refer to it as myopic in my brief, that it was just blinders on and didn't address a lot of the actual issues in the case. And so it's there, it's out there, but I don't believe that it has a lot of evidentiary value in terms of this particular case. Your red light's on. Would you like to take a minute to conclude? Yeah, I'll just conclude, Your Honor, that, again, what we've asked the court to do is to take the underlying record and to remand and to reverse this case. We first asked of summary judgment in favor of my client, but if the court is not inclined to do that, then to remand with instructions for a jury trial, the issue of probable cause should be put before a jury. And the Lozman and the Nevis exceptions apply to the issue of exceptions for probable cause. We believe that this was a vague and unconstitutional overbroad statute and that the court should remand with instructions as we've asked the court to do. Thank you. Thank you. We thank you both for your briefing and for your argument today. The case will be taken under advisement and an opinion issued in due course.